**In re Anonymous No. 132 D.B. 88 (No. 2)**

426

Disciplinary Docket no. 132 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

LEONARD, *Member,* March 19, 1996—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On July 13, 1995, petitioner, [    ], filed a petition for reinstatement. Petitioner was suspended for two years pursuant to the order of the Pennsylvania Supreme Court of June 4, 1990. This matter was referred to Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. The reinstatement hearing was held on October 13, 1995. Petitioner was represented by [    ], Esquire. Office of Disciplinary Counsel was represented by [    ], Esquire.

On December 18, 1995, the committee filed its report and recommended that the petition be granted. This matter was adjudicated by the Disciplinary Board at the meeting of February 1, 1996.

## II. FINDINGS OF FACT

(1) Petitioner, [    ], was born on November 20, 1928. He was admitted to practice law in Pennsylvania in 1956. He is married with two adult children and he resides at [    ].

(2) Petitioner was suspended for two years on June 4, 1990, after it was determined that petitioner commingled and converted client funds to his own use.

(3) Since the time of his suspension, petitioner has been continuously employed. Initially, he worked for [A] as a car salesman but was terminated when the dealership changed hands. (N.T. 30.) He then obtained a position with [B], a litigation service, organizing documents and entering information into a computer terminal. (N.T. 32.) Petitioner has received good work evaluations and has demonstrated to his employer's satisfaction that he is competent and dependable. (Ex. 3 and 4.)

(4) Petitioner currently lives with and supports his wife who is ill. (N.T. 28.) His son, an attorney, has periodically utilized petitioner's services in performing legal research and as an investigator. (N.T. 36, 46.) Petitioner lives in a rural area and spends most of his time with his family or working. (N.T. 37.)

(5) If petitioner is reinstated he wishes to assist his son, a sole practitioner. He does not intend to open his own office or acquire his own clients. (Reinstatement petition.)

(6) Petitioner feels remorse for his misconduct and has acknowledged that it was wrong. He is ashamed of the embarrassment he has caused his family and the legal profession. (N.T. 41.) He believes he would never allow himself to compromise his clients or his profession again. (N.T. 42.)

(7) Petitioner has continued his legal education. He attended the basic practice course at [    ] University in August 1994. He has participated in various seminars in 1992 and 1993 and continues to read the advance sheets. (Reinstatement petition.)

(8) Petitioner has satisfied all financial obligations related to his suspension. His client has been repaid and no outstanding debts remain. (N.T. 18-19.)

(9) Petitioner has submitted a reinstatement questionnaire and his answers are accurate and complete. Office of Disciplinary Counsel presented no opposition to petitioner's testimony or evidence.

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

The principal objective of the disciplinary system is to determine whether an attorney possesses the requisite fitness to practice law and to protect the public from those attorneys who are unfit. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by order of the Pennsylvania Supreme Court. In order for petitioner to gain reinstatement to the practice of law after suspension, he has the burden of demonstrating by clear and convincing evidence that he possesses both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. (Rule 218(c)(3)(i), Pa.R.D.E.) *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

In determining whether petitioner has demonstrated his present fitness to practice law, the board considered the nature of petitioner's misconduct, his present competence and legal abilities, his character, and the degree of remorse he has expressed. The misconduct that led to petitioner's violation of the ethical rules was his commingling and conversion of entrusted client funds. He deposited checks payable to his client into his client

account but on numerous occasions the balance of petitioner's client account was substantially less than the monies entrusted to him on behalf of his client. Petitioner issued numerous checks from his client account for personal business expenses. Petitioner explained that at the time he thought that by taking some money from one client he could keep his office operating and help the other clients he had. (N.T. 41.) Since his suspension, petitioner is fully aware of the mistakes he made and the magnitude of his offenses. Petitioner testified that he would never allow himself to compromise his clients or the profession again. Although there is no doubt that the misconduct that led to petitioner's suspension was detrimental to the integrity of the bar, it is apparent that petitioner has learned from his experience. The board finds that petitioner's resumption of the practice of law would not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

Petitioner has been continuously employed since his suspension and has worked hard to rid himself of debts and support his ill wife. He no longer intends to burden himself with unmanageable responsibilities. He is realistic about his role as an attorney in the future and desires to get his license back so that he can draw on his 35 years as a personal injury attorney to help his son, who is an attorney with a solo practice.

During his suspension, petitioner completed the requisite PBI courses pursuant to Disciplinary Board Rule §89.279. Petitioner has apprised himself of trends in the law by reading the advance sheets. In light of the totality of the above facts, petitioner has proven by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for reinstatement.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Lieber did not participate in the February 1, 1996 adjudication.

## ORDER

And now, April 17, 1996, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated March 19, 1996, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.